IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02027-BNB

JAHAD ALI #56036, also known as
TRACY SPENCER

      Plaintiff,

v.

TOM CLEMENTS,
JAMES FAULK,
TIMMOTHY USRY,
MICHELE WINGERT,
BERNADETTE SCOTT, and
MAILROOM STAFF CHRISTIANS,

      Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

      Plaintiff, Jahad Ali, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado.  The Court was unable to locate the name "Jahad Ali" on the DOC website, www.doc.state.co.us, through use of the website's inmate locator, "Finding an Inmate." However, a search of the prisoner registration number 56036 reveals that Plaintiff is listed on the DOC website as "Tracy Spencer."  Mr. Ali references the name "Tracy Spencer" in his complaint.  ECF No. 1 at 7.  Therefore, the caption of this order has been corrected to include Mr. Ali's alias, Tracy Spencer.

      Mr. Ali filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) seeking unspecified injunctive relief and money damages, and a Prisoner's Motion

and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 4) and paid the designated initial partial filing fee (ECF No. 5).

The Court has reviewed the Prisoner Complaint and finds that it is deficient. Mr. Ali asserts three claims, i.e., denial of access to the courts (claim one), deprivation of the free exercise of religion (claim two), and retaliation (claim three). Each of the claims arises from Mr. Ali's contention that since 2009 the DOC has refused to honor a 1992 agreement to recognize his religious and legal name, Jahad Ali, on all mail he sends and receives. Although he complains that rejected mail has been intermittent in the past, he contends that since November 2011 he has received twelve notices of rejected incoming and outgoing mail addressed under his religious/legal name.

In order to maintain a claim against the defendants for violation of his constitutional right of access to the courts, Mr. Ali must allege a specific injury. Prisoners have a constitutional right of access to the courts which may require that prison officials provide prisoners with adequate law libraries or adequate assistance from persons trained in the law. *See Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977). However, an inmate alleging a constitutional violation must demonstrate that he suffered actual injury to his ability to pursue a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir.1996). Mr. Ali fails to do so. His second and third claims are contingent upon his first claim.

To hold the named defendants liable for § 1983 civil rights violations, Mr. Ali must allege facts in the text of each asserted claim to show each individual defendant's

2

personal participation in a deprivation of his constitutional rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Moreover, a supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In addition, Mr. Ali is suing grievance officers--Timothy Usry and Bernadette Scott--whose only apparent involvement in the alleged constitutional violations was to deny grievances concerning his rejected mail. Such allegations are not sufficient to hold grievance officers liable under § 1983. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063,

1069 (10th Cir. 2009).

Mr. Ali may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Ali uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Ali will be directed to file also must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Neither the Court nor the defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Ali is advised that in order to comply with Rule 8 he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir.

1957).  In particular, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  Therefore, Mr. Ali should take care to ensure that his amended complaint provides a clear and concise statement of the claims he is asserting.  The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint.

Accordingly, it is

ORDERED that the clerk of the Court add Tracy Spencer, the alias for Jahad Ali, to the Court's docketing records for this case.  It is

FURTHER ORDERED that Mr. Ali file **within thirty (30) days from the date of this order** an amended Prisoner Complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Ali shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Ali fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the Prisoner Complaint and the action will be dismissed without further notice.

DATED September 4, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge