IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02027-BNB

JAHAD ALI #56036, also known as
TRACY SPENCER,

    Plaintiff,

v.

TOM CLEMENTS,
JAMES FAULK,
TIMMOTHY USRY,
MICHELE WINGERT,
BERNADETTE SCOTT, and
MAILROOM STAFF IRIS CHRISTIANS,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

    Plaintiff, Jahad Ali, also known as Tracy Spencer, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  Mr. Ali filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) seeking unspecified injunctive relief and money damages, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  He was granted leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 4).

    On September 4, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Ali to file within thirty days an amended complaint that alleged an actual injury, asserted the personal participation of each named Defendant in the alleged constitutional violations,

sued the appropriate parties, and complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On December 21, 2012, Mr. Ali filed an amended complaint seeking unspecified injunctive relief and money damages.

Mr. Ali has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Ali is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Ali's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the

amended complaint will be dismissed in part.

Mr. Ali asserts three claims, i.e., denial of access to the courts (claim one), deprivation of the free exercise of religion (claim two), and retaliation (claim three). Each of these claims arises from Mr. Ali's contention that since 2009 the DOC has refused to honor a 1992 settlement agreement.

Mr. Ali alleges that, according to the 1992 agreement, his legal and religious name (Jahad Ali) is to be used on his personal property, clothing, and mail instead of his committed name (Tracey Spencer). ECF No. 15 at 4, 12-13. Pursuant to the agreement, Mr. Ali apparently sent and received mail under his legal and religious name only without incident until 2009, when he allegedly began experiencing intermittent problems with sending and receiving mail. Those problems led him to initiate a state civil action, *Ali v. Milyard*, Logan County District Court Case No. 10CV121, which he maintains was dismissed on summary judgment because of DOC interference with his mail and, as a result, his ability to litigate the action.

Apparently, two of the named Defendants, Michelle Wingert and Bernadette Scott, prison mail room supervisors, insist Mr. Ali is required to use both his legal and religious name, Jahad Ali, and his alias or "committed" name, Tracey Spencer, ECF No. 15 at 7, on his mail, and he wants to use only his legal and religious name. As a result, Mr. Ali contends these Defendants have held, refused to deliver, and destroyed legal mail, and caused problems with sending and receiving personal correspondence. He appears to have initiated the instant lawsuit to force the DOC to recognize his religious and legal name only on all mail he sends and receives.

Mr. Ali fails to allege facts to show how any named Defendant, other than Michele Wingert and Bernadette Scott, participated in a deprivation of his constitutional rights. Plaintiff was warned by Magistrate Judge Boland in the September 4 order for an amended complaint that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Defendants Tom Clements, James Faulk, Timmothy Usry, and Iris Christians, will be dismissed as parties to this lawsuit. Mr. Ali's claims asserted against Defendants Michele Wingert and Bernadette Scott do not appear to be appropriate for summary dismissal. The three asserted claims and the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D.

Accordingly, it is

ORDERED that the claims asserted against Defendants Tom Clements, James Faulk, Timmothy Usry, and Iris Christians are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the clerk of the Court remove the names of Defendants Tom Clements, James Faulk, Timmothy Usry, and Iris Christians as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  6th  day of    March    , 2013.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court