**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02027-REB-CBS

JAHAD ALI # 56036,

    Plaintiff,

v.

MICHELE WINGERT, and
BERNADETTE SCOTT,

    Defendants.

---

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matters before me are (1) the recommendation contained within the **Recommendation and Order of United States Magistrate Judge** [#47],[1] filed November 19, 2013; and (2) **Plaintiff's Objection to the Magistrate's Recommendation Pursuant to Fed. R. Civil P. 72(b) and 28 U.S.C. 636(b)(1)** [#49], filed December 4, 2013. I overrule plaintiff's objections, approve and adopt the recommendation, and grant defendants' motion to dismiss.

The plaintiff is proceeding *pro se*. Therefore, I construe his filings generously and with the leniency due pro se litigants, see **Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**,

---

[1] "[#47]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. Thus, I have considered carefully the recommendation, objections, and applicable caselaw.  The recommendation is detailed and well-reasoned.  Contrastingly, plaintiff's objections are imponderous and without merit.  Plaintiff fails to demonstrate how his complaint in fact states specific facts evincing a "distinct and palpable" injury sufficient to invoke his constitutional right of access to the courts.  **See Smith v. Maschner**, 899 F.2d 940, 944 (10th Cir. 1990). Moreover, as set forth in the recommendation, there is wide agreement in the federal courts that prison policies requiring prisoners to use committed names in addition to their religious names on mail do not violate an inmate's constitutional right of religious freedom.[2]  (**See Recommendation** at 10-11 (citing cases).)   Finally, the magistrate judge correctly determined that plaintiff's conclusory allegations regarding the causal link between plaintiff's protected activity and defendants' actions were insufficient to state a plausible claim for relief.

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

---

[2] The court fully credits plaintiff's assertion that his religious name is an important part of his religious expression.  Nevertheless, nothing in the Amended Complaint suggests that he has been deprived of the right to use that name.  Instead, the prison's regulations only prohibit plaintiff from using that name exclusively on his outgoing mail.

**THEREFORE, IT IS ORDERED** as follows:

1. That the recommendation contained within the **Recommendation and Order of United States Magistrate Judge** [#47], filed November 19, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections stated in **Plaintiff's Objection to the Magistrate's Recommendation Pursuant to Fed. R. Civil P. 72(b) and 28 U.S.C. 636(b)(1)** [#49], filed December 4, 2013, are **OVERRULED**;

3. That defendants' **Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#29], filed May 6, 2013, is **GRANTED**;

4. That plaintiff's **Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56** [#27], filed April 25, 2013, is **DENIED**;

5. That plaintiff's claims against defendants, in both their official and individual capacities, are **DISMISSED WITHOUT PREJUDICE**; and

6. That judgment without prejudice **SHALL ENTER** on behalf of defendants, Michele Wingert and Bernadette Scott, in both their official and individual capacities, and against plaintiff, Jahad Ali, on all claims for relief and causes of action asserted in this action.

Dated January 2, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge